**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:23-CR-99(3) |
| | | Case No. 2:23-CR-215(2) |
| vs. | : | |
| CODY N. BEASLEY, | : | JUDGE EDMUND A. SARGUS JR. |
| Defendant. | : | |

**DEFENDANT CODY N. BEASLEY'S SENTENCING MEMORANDUM**

Defendant Cody N. Beasley ("Cody"), by and through undersigned counsel, hereby submits the following sentencing memorandum for this Court's review and consideration in advance of his sentencing hearing scheduled for April 25, 2024. Cody, through counsel, respectfully requests that the Court impose a sentence of 60 months of imprisonment followed by a three-year term of supervised release for the reasons that follow.

**I. BACKGROUND FACTS**

On May 4, 2023, a federal Grand Jury returned an Indictment charging Mahad Jama and Da'mon May with one count of Robbery of Mail, Money, or Other Property of the United States in violation of 18 U.S.C. §§ 2114(a) and 2(a), and one count of Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and 2(a), with a forfeiture allegation against May.

On August 3, 2023, the Grand Jury returned a Superseding Indictment, adding Cody as a defendant named in both counts. The charges remained the same.

Less than a week later, on August 9, 2023, a federal Grand Jury in the Northern District of Ohio returned an Indictment charging Cody and Jama with one count of

Possession of Stolen Mail in violation of 18 U.S.C. § 1708 and one count of Stealing Keys Adopted by the Post Office in violation of 18 U.S.C. § 1704 (Northern District of Ohio case number 1:23-CR-421).

On October 6, 2023, Cody consented to the transfer of his case from the Northern District of Ohio to this District because he wished to plead guilty to count 1, Possession of Stolen Mail.

On November 3, 2023, the Northern District of Ohio case was transferred and assigned the case number 2:23-CR-215 in this District.

On November 30, 2023, Cody plead guilty to one count of Possession of Stolen Mail (in case number 2:23-CR-215) and one count of Aiding and Abetting the Aggravated Robbery of Property of the United States (in case number 2:23-CR-99). The parties entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), and stipulated to:

- A base offense level of 20,
- Two-level enhancement because the property of a post office was taken,
- Five-level enhancement because a firearm was brandished or possessed,
- Three-level reduction for acceptance of responsibility,
- A total offense level of 24,
- A binding range of 60-78 months of imprisonment in case number 2:23-CR-99,
- A binding range of 0-60 months of imprisonment in case number 2:23-CR-215 to run concurrent to the sentence imposed in 2:23-CR-99, and
- A three-year term of supervised release.

On April 25, 2024, Cody will come before this Court for sentencing in both cases.

Cody agrees with the factual findings and guideline calculations from the Final Presentence Investigation Report (case number 2:23-CR-215, ECF No. 29, the "PSR"). For the following reasons, Cody asks this Court to impose a term of 60 months of imprisonment in case number 2:23-CR-99, the low end of the agreed-upon range, and a term of 24 months of imprisonment in case number 2:23-CR-215 to run concurrently, followed by a three-year term of supervised release.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT PURSUANT TO § 3553(a)(1)

In many ways, Cody's criminal history speaks for itself. The PSR details a history of criminal involvement dating back to 2014, when Cody was just 13 years old. (*See* PSR ¶¶ 68-94). It is apparent from Cody's history that from a young age, he struggled with structure and behavioral issues. This was ignited when he moved into a high-crime area in Columbus. (*Id.* ¶¶ 97, 101.) Since then, Cody has been surrounded by negative peers who influence his bad decision-making, and this ultimately landed him where he is now.

But, Cody is not blame shifting. Cody acknowledges that he continued down the path that led him here and he is taking full responsibility for the involvement he had in these two cases.

Cody likewise is yearning for a fresh start. During his interview with the U.S. Probation Officer, Cody shared that he intends to pursue a GED while incarcerated along with training which will allow him better opportunities to transition into society upon his release. (*See id.* ¶ 119.) In fact, Cody plans to move to Houston, Texas after his release (*Id.* ¶ 100.) His mother, with whom Cody speaks to daily, has a place for him to reside there, and she acknowledges that a new, fresh start would allow Cody the opportunity to

3

find "positive friendships" and that he would benefit from a new environment. (*Id.* ¶ 101.)

Here, Cody asks this Court to sentence him to a term of 60 months of imprisonment in case number 2:23-CR-99, which is the low-end of the binding 11(c)(1)(C) range. This sentence reflects the seriousness of the offense, provides adequate deterrence, and ensures just punishment.

Further, Cody is in agreement with the Government's requested range of 24 months in case number 2:23-CR-215.

The Government also requests this Court impose $4,000 in restitution. However, as noted in the PSR, Cody has no current employment and no assets. (PSR ¶¶ 120-21.) Therefore, Cody respectfully requests that this Court decline to impose restitution.

### III. NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES PURSUANT TO § 3553(a)(6)

18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

This factor addresses "national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct" and a district judge "may exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." *United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007).

Based on the above, a sentence of 60 months is not greater than necessary and avoids unwarranted disparities. It further provides Cody with the opportunity to get the necessary educational and job training opportunities so he can transition back into the community.

**IV.     CONCLUSION**

For the foregoing reasons, Cody asks this Court to sentence him as follows:

- A term of imprisonment of 60 months in case number 2:23-CR-99,

- A term of imprisonment of 24 months, to run concurrently, in case number 2:23-CR-215,

- A combined three-year term of supervised release.

                                                Respectfully submitted,

                                                /s/ W. Joseph Edwards
                                                W. Joseph Edwards (0030048)
                                                511 South High Street
                                                Columbus, OH 43215
                                                614-309-0243
                                                Jedwardslaw@live.com

                                                Ally M. Petrillo (0096738)
                                                Ice Miller LLP
                                                250 West Street, Suite 700
                                                Columbus, Ohio 43215
                                                914-648-9314
                                                Ally.petrillo@icemiller.com

                                                COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 15, 2024, he electronically filed the foregoing Sentencing Memorandum using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *W. Joseph Edwards*
W. Joseph Edwards (0030048)

COUNSEL FOR DEFENDANT